UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS GUIDEN,

    Plaintiff,

    v.                       Case No. 25-cv-0657-bhl

WELLPATH,
MEDICAL ASSISTANT,
DR. PAULSE, and
MILWAUKEE COUNTY JAIL
MEDICAL DEPARTMENT,

    Defendants.

## SCREENING ORDER

Plaintiff Travis Guiden, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Guiden's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE**

Guiden has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Guiden has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $126.94. Guiden's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Guiden explains that, in March 2025, while he was confined at the Milwaukee County Jail, a medical assistant drew his blood during a routine check-up. According to Guiden, the following week, Dr. Paulse informed him that he may have been exposed to bloodborne infections because the medical assistant had used equipment during the blood draw without first sanitizing and/or changing the equipment. Guiden explains that he experienced anxiety, mental distress, chest pains, and nausea due to the fear of contracting an infection. Guiden asserts that he consented to a follow-up blood draw, which was negative for HIV and hepatitis. Guiden asserts that he continues to experience stress and anxiety from the fear that he may have contracted some other infection. He states that he has not received promised documentation detailing the incident, although he states that medical staff told him that close to 100 inmates had to be retested. Dkt. No. 1.

## THE COURT'S ANALYSIS

Guiden asserts that Defendants violated his constitutional rights when a medical assistant exposed him to possible infections by drawing his blood without properly sanitizing and/or changing the equipment prior to the blood draw. While the Court understands Guiden's anxiety regarding *possible* exposure to an infection, he fails to state a claim "based on the risk of what *could have* happened" because "that risk is not actionable under § 1983 without actual injury." *Walker v. Leibert*, 884 F. App'x 920, 922 (7th Cir. 2021) (citing *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020)). Guiden asserts that retesting showed that he was negative for HIV and hepatitis, and he makes no allegations to support a reasonable inference that he contracted any other infection. As such, Guiden fails to state a claim upon which relief may be granted. *See*

3

*Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996) (holding that "failure to prevent exposure to risk of harm . . . does not entitle [a plaintiff] to monetary compensation"). If Guiden wants to pursue a state-law claim such as a negligence claim, he may do so in state court.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Guiden believes he can cure the deficiencies identified in this decision, he may file an amended complaint by August 7, 2025. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Guiden's failure to state a claim in his original complaint. If Guiden does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Guiden's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, on or before August 7, 2025, Guiden may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Guiden a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Guiden shall collect from his institution trust account the $223.06 balance of the filing fee by collecting monthly payments from Guiden's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Guiden is transferred to another institution, the transferring institution shall forward a copy of this Order along with Guiden's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Guiden is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Guiden is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on July 8, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge